**Lionell Ernest THOLMER,
Petitioner—Appellant,**

v.

**James GOMEZ, Respondent—Appellee.**

No. 02–17387.

D.C. No. CV–95–01901–DFL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Nov. 26, 2003.

J. Toney, Woodland, CA, for Petitioner–Appellant.

Susan Rankin Bunting, Deputy Atty. Gen., Attorney General, AGCA–Office of the California Attorney General (SAC), Sacramento, CA, for Respondent–Appellee.

Before PREGERSON, BEAM,* and PAEZ, Circuit Judges.

## MEMORANDUM**

Lionell Earnest Tholmer[1] appeals the district court's denial of habeas corpus relief pursuant to 28 U.S.C. § 2254. Six issues have been certified for appeal by the district court, all relating to one controlling legal issue—whether Tholmer's second petition for habeas corpus was properly dismissed as an abuse of the writ.

In November 1985, a California sheriff's deputy discovered a severely burned dead body, later identified as John Meadows. Meadows had been shot in the head twice, and his body doused with gasoline and ignited. Contemporaneously with the discovery of Meadows's body, Tholmer began communicating with a Sacramento police detective for whom Tholmer had previously worked as an informant. Tholmer told the detective that John Meadows murdered a woman named Cynthia Sparpana. Tholmer also related that Meadows was a child molester and that Sparpana had rejected Meadows's sexual advances.

Authorities eventually obtained a warrant for Tholmer's arrest in connection with the Meadows murder. Tholmer had fled the state and was arrested on December 9, 1985, in Oklahoma City, Oklahoma. Tholmer waived extradition, was flown back to California and placed in county jail. After his arrest, Tholmer made a statement to the detective with whom he had previously communicated, claiming that during the weekend of November 2, 1985, Meadows pulled a gun on Tholmer because Tholmer had questioned him

---

* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Tholmer's motion for the court to take judicial notice of court records in other, related cases is granted.

about suspicious, bloody items in a car. Following a struggle for the gun, Tholmer claimed he shot and killed Meadows in self defense. Tholmer insisted that he then panicked, poured gasoline over leaves marked with his footprints, and set them on fire.

Following trial, Tholmer was convicted of second-degree murder and sentenced to a term of seventeen years to life. In 1989, the California Court of Appeals affirmed the conviction and sentence. In June 1990, Tholmer filed his first federal petition for habeas corpus. The district court denied the first petition in 1991, and this court affirmed the denial in 1993. *Tholmer v. Rowland*, No. 91–16892, 1993 WL 94366 (9th Cir. Mar. 31, 1993).

Tholmer was also convicted in Yolo County in 1992 of two counts of first-degree murder for the murders of Cynthia Sparpana and her child. During this second murder trial, Tholmer discovered what he believed to be the following new bases for habeas corpus relief from the first conviction: 1) that the prosecution knowingly presented Meadows's ex-wife's perjured testimony at the first trial; 2) that he was denied a fair first trial because the prosecution's pathology expert's testimony at the two trials was contradictory; 3) that the prosecutor was guilty of misconduct for failing to disclose, during the first trial, the criminalist testimony regarding ballistic evidence; 4) that the prosecutor was guilty of misconduct for failing to disclose that a witness had been given an inducement to testify in the Meadows trial; 5) that the prosecutor was guilty of misconduct for suppressing a report regarding the police officer who obtained his pre-arraignment statement; and 6) that his trial counsel was ineffective for failing to uncover evidence. Tholmer filed a second petition in 1995 based on these alleged errors.

In September 2000, the district court granted the government's motion to dismiss all but one claim in Tholmer's second petition for habeas corpus, and remanded the issue of Meadows's ex-wife's allegedly perjured testimony for an evidentiary hearing. Meadows's ex-wife had previously told a Veterans Administration counselor that John Meadows had struck her and broke her nose. At the first trial, she testified that he had never hit her. The prosecution and the defense both had access to this VA file at the first trial.

Following the evidentiary hearing, the magistrate judge recommended that this remaining claim be dismissed. In October 2002, the district court adopted these findings and granted the government's motion to dismiss. The district court issued a certificate of appealability on whether the aforementioned six issues were properly dismissed as an abuse of the writ.

Because Tholmer's current habeas corpus petition was filed in 1995, before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we apply pre-AEDPA standards in analyzing this claim. *Sassounian v. Roe*, 230 F.3d 1097, 1105 (9th Cir.2000). We review the district court's decision to dismiss a habeas petition for abuse of the writ under an abuse of discretion standard. *Campbell v. Blodgett*, 997 F.2d 512, 516 (9th Cir.1992).

Prior to the AEDPA amendments, 28 U.S.C. § 2244 provided:

> [A] subsequent application for a writ of habeas corpus ... need not be entertained ... unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately with-

held the newly-asserted ground or otherwise abused the writ.

28 U.S.C. § 2244(b) (1994).

■ Under *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), the government is not required to show that a habeas petitioner's failure to raise a subsequent habeas claim was a deliberate choice by the petitioner; rather, an abuse of the writ may be found where the failure to raise the claim in an earlier petition resulted from the petitioner's inexcusable neglect. *Id.* at 489. To excuse his failure to raise claims in the earlier petition, the petitioner must show cause for failing to raise it, actual prejudice from the alleged errors or actual innocence of the crime—the same standard used to determine whether to excuse a petitioner's state procedural default. *Id.* at 494–95.

Tholmer cannot meet *McCleskey*'s cause prong with regard to his first claim involving the perjured testimony and the VA file because the record indicates that the defense had access to, and indeed *produced,* the VA file during the first trial. Tholmer therefore cannot successfully argue that he discovered the basis for this claim only after filing the first petition, and he advances no other argument with regard to cause for this claim.

■ Because the bases for the rest of these claims were discovered as a result of the prosecution of the second murder trial nearly five years after the first trial (and two years after filing the first habeas corpus petition), Tholmer can meet *McCleskey*'s cause prong for the remaining five claims. However, Tholmer cannot meet *McCleskey*'s prejudice prong for these claims.

Tholmer complains that the prosecution's medical expert gave contradictory testimony at the two trials. We disagree. Dr. Anthony Cunha, the prosecution's pathology expert, testified during the Meadows trial that he discovered soot in Meadows's stomach and esophagus. He based this opinion primarily on the fact that it was black, granular material. He therefore concluded that Meadows was still alive when set on fire. On cross-examination, Dr. Cunha admitted that he was unable to determine exactly what the black material was before it became black, and that he had not chemically analyzed the material. The defense pathology expert disputed Dr. Cunha's opinions.

At the second trial, Dr. Cunha admitted that the material in Meadows's stomach was not soot, but did not retreat from his opinion about the esophagus, and was not asked whether he retreated from his opinion about whether Meadows was alive when set on fire. Because Dr. Cunha did not substantially retract his earlier opinion, and because the defense was able to rigorously cross-examine and present its own expert at the first trial, we cannot agree that Tholmer's trial was infected with constitutional error because of this testimony. *See United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (holding that to show "actual prejudice," petitioner must show that the errors at trial "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original).

Tholmer alleges prejudice from three instances of prosecutorial misconduct during the first trial, all relating to the testimony of government witnesses. We have reviewed the record and agree with the district court's reasoning that none of the alleged errors prejudiced Tholmer as contemplated by *McCleskey.*

■ Tholmer's final claim is that his first trial counsel was ineffective for failing to uncover evidence relating to the Sparpa-

na murder. An investigator for the second trial obtained statements from Meadows's family members which Tholmer alleges would have supported his defense theory at the first trial. However, most of these declarations would not have been admissible at trial, and the remaining statements either did not support Tholmer's defense theory or were not material to the defense. As such, Tholmer again cannot show the actual prejudice required by *McCleskey*.

The district court properly dismissed Tholmer's petition as an abuse of the writ.

AFFIRMED.